IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  03-3093 |
| CITY OF SPRINGFIELD, et al., | ) ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion for Bifurcation (d/e 112). The matter is set for jury trial on September 25, 2007. Defendants ask the Court to bifurcate the trial into liability and damage phases pursuant to Federal Rule of Civil Procedure 42(b). According to Defendants, bifurcation would: (1) prevent the jury from improperly considering damage evidence on the issue of liability and (2) promote judicial efficiency and economy. Plaintiff opposes bifurcation. For the reasons set forth below, the Motion for Bifurcation is allowed.

1

Under Federal Rule of Civil Procedure 42(b):

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third- party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). The Seventh Circuit has established the following three-step process to determine whether to bifurcate a trial under Rule 42(b):

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria – avoidance of prejudice or judicial economy – need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment.

Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999) (internal citations omitted). "The burden is on the moving party to show that bifurcation is proper." Telewizja Polska USA, Inc. v. EchoStar Satellite Corp., 2005 WL 2405797 at *4 (N.D.Ill. Sept. 28, 2005) (internal quotations and citation omitted). With these standards in mind, the Court turns to an analysis of the instant case.

With respect to judicial economy, Defendants note that the damage evidence in the instant case is "substantial." Defendants point specifically to anticipated evidence of Plaintiff's emotional distress. As a result, Defendants assert that judicial economy would be served in the event that the jury returns a verdict for the defense on the issue of liability. Plaintiff responds that a bifurcated trial would actually hinder judicial economy. According to Plaintiff, in the event the jury returns a verdict for Plaintiff on the issue of liability in a bifurcated trial, unnecessary time and expense would be expended impaneling a second jury, presenting facts relevant to both phases, and presenting additional opening and closing arguments. Plaintiff further notes that additional time would need to be set aside on the Court's docket and coordinated with counsel for Plaintiff and Defendants.

As an initial matter, the Court would not necessarily impanel a second jury in the event that a damage phase becomes necessary. Unless it becomes impossible for jurors to continue, the damage phase would proceed before the same jury, eliminating much of the additional time and expense to which Plaintiff alludes as well as any Seventh Amendment concerns. Moreover, the Court notes that Plaintiff does not contest Defendants' characterization of the damage evidence as substantial, and given the nature of the instant suit,

the Court anticipates a significant amount of damage evidence. Finally, with respect to delay, the Court notes that, by Text Order, entered February 22, 2007, the parties were notified that the trial may be interrupted to allow the Court time to conduct criminal trials. At a scheduling conference on February 20, 2007, the parties estimated that the trial would take five days, and the Court set it for such. However, Plaintiff's counsel subsequently informed the Court that the trial would take ten days, at which point the Court informed the parties of the possible interruption. Now Plaintiff's counsel projects four weeks will be needed to try the entire case. Therefore, delay in the conclusion of this suit may occur regardless of whether the matter is bifurcated. Considering all of these factors, the Court finds that bifurcation of the trial into a liability and a damage phase would be conducive to judicial expedition and economy.

The Court further finds that bifurcation is appropriate in order to prevent prejudice to the Defendants that may arise from the introduction of damage evidence in conjunction with liability evidence. Defendants point to the risk that the jury might improperly consider damage evidence on the issue of liability. Plaintiff, without elaboration, asserts only that bifurcating the trial will not avoid any prejudice. Considering the nature of the suit, the

Court recognizes the potential for prejudice as set out by Defendants. Balancing the relevant factors, the Court finds that bifurcation of the trial into a liability and a damage phase would avoid improper prejudice to the Defendants.

Thus, Defendants have established two proper bases for bifurcation; however, before ordering bifurcation, the Court must be satisfied that the decision to bifurcate does not unfairly prejudice the Plaintiff.  Defendants assert that Plaintiff will not be prejudiced by bifurcation.  Plaintiff, without elaboration, asserts only that bifurcation will result in severe prejudice to Plaintiff.  As previously noted, the Court does not believe that bifurcation will lead to either significant additional expense or a significant delay in the administration of justice.  The record is devoid of any other potential prejudice to the Plaintiff arising from bifurcation.  Therefore, the Court finds that bifurcation would not unfairly prejudice the Plaintiff.  Defendants' request to bifurcate the trial into liability and damage phases pursuant to Federal Rule of Civil Procedure 42(b) is allowed.

THEREFORE, for the reasons set forth above, Defendants' Motion for Bifurcation (d/e 112) is ALLOWED.

IT IS THEREFORE SO ORDERED.

ENTER: August 7, 2007.

FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE