IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 03-3093 ) |
| CITY OF SPRINGFIELD, a municipal corporation, et al., | ) ) ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Before the Court are Defendants' First Motion in Limine (d/e 115), Defendants' Second Motion in Limine (d/e 117), and Defendants' Third Motion in Limine (d/e 123). In their First Motion in Limine, Defendants seek to bar any testimony relating to damages that have not been disclosed and to bar any evidence of damages related to injuries sustained by Mary Sallenger, Audrey Nolan and Adam Nolan. All damage issues have been bifurcated from the liability phase of the trial.

In the event Plaintiff prevails on Count 1, as to liability, her damages

1

are limited to no more than $3500 for the items listed in Answers 2-7 to Defendants' First Interrogatories to Plaintiff (assuming Plaintiff proves that these items belonged to Andrew B. Sallenger and were taken, or damaged, by the Defendants during the occurrence in question).  In addition, Plaintiff may seek an award of damages on Count 1 for the physical and emotional pain and suffering incurred by Andrew B. Sallenger, as well as for the loss of his life.  Graham v. Sauk Prairie Police Commission, 915 F.2d 1085 (7th Cir. 1990).  Since these damages are not subject to specific quantification, the failure to disclose an amount sought is harmless.  There are no other items of damages, relevant to the § 1983 excessive force claim in Count 1, that were properly disclosed.  Rule 26 of the Federal Rules of Civil Procedure requires Plaintiff to disclose the damages she seeks and to supplement her disclosures and responses.  Defendants submitted an interrogatory requesting a list of damages claimed, including the amount sought for each item.  No justification has been given for the failure to disclose the amount of medical bills.  Finally, Mary Sallenger, Adam Nolan, and Audrey Nolan cannot recover for their respective heart attack and nervous breakdowns in this lawsuit.

  If Plaintiff prevails in the liability phase of the trial on any of Counts

2, 4, or 7, she may seek damages only for the conscious pain, suffering and emotional distress experienced by Andrew B. Sallenger before his death and for up to $3500 in property damage in accordance with the ruling set out above. See Murphy v. Martin Oil Co., 56 Ill.2d 423, 308 N.E.2d 583 (1974).

If Plaintiff prevails in the liability phase of the trial on Count 11, then she may seek damages for the loss of Andrew B. Sallenger's society suffered by Mary Sallenger and/or by Andrew B. Sallenger's siblings and the loss of society, instruction, moral training, and superintendence of education that Andrew B. Sallenger's children would have received from him. See Prendergast v. Cox, 128 Ill.App.3d 84, 470 N.E.2d 34 (1st Dist. 1984); In re Estate of Finley, 151 Ill.2d 95, 601 N.E.2d 699 (1992). Again, because these items are not subject to specific calculation, the Court finds the failure to disclose these items to be harmless. Plaintiff may also seek damages for loss of financial support--based on the $300 a month he provided his mother. No other damages were disclosed that would come within a wrongful death claim. Plaintiff indicated in response to the Motion that she seeks damages for medical bills and funeral expenses as well. However, the amount of Andrew B. Sallenger's medical bills was not disclosed. Also, if a

3

parent is held liable for the medical or funeral bills, the remedy appears to be an independent cause of action, separate from the survival and wrongful death actions, brought by the administrator of the estate for these expenses. See Discussion in Illinois Pattern Jury Instructions, Civil 2006 Edition, pp. 145-146, and cases cited therein.

Defendants' Second Motion in Limine seeks to bar Plaintiff from introducing testimony from Andrew Ward, Aaron Ward, Barbara Ward, Tim Sanders, Donald Stubbs, Charles Stubbs, and Vicky Harness during the liability phase. Plaintiff agrees that none of the named witnesses except Harness will be called in the liability phase of the trial. The Motion is allowed as to all of the named prospective witnesses except Harness, on the issue of liability. Harness can testify to the demeanor of Andrew B. Sallenger on the night of the occurrence.

Defendants' Third Motion in Limine seeks to bar evidence of the relationship between Andrew B. Sallenger and anyone other than his children, Andrew Ward and Aaron Ward, and to bar evidence of losses suffered by anyone other than these children. However, a parent and/or sibling also has a claim under the Wrongful Death Act (Count 2). Prendergast, 470 N.E.2d 34; In re Estate of Finley, 601 N.E.2d 699.

4

Therefore, Mary Sallenger (mother) and Kim Nolan's (his sister) relationship with Andrew B. Sallenger are relevant on at least this claim, during the damages phase. The Defendants' Third Motion in Limine is therefore denied.

IT IS THEREFORE SO ORDERED.

ENTER:   September 5, 2007

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE