IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03-3093 |
| CITY OF SPRINGFIELD, a municipal corporation, et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Reconsider Opinion on Third Motion in Limine (d/e 159). Defendants ask the Court to reconsider its prior Order denying Defendants' Third Motion in Limine (d/e 123). <u>Opinion (d/e 158)</u>, p. 4-5. Plaintiff has filed a Response (d/e 169) opposing Defendants' Motion to Reconsider. For the reasons set forth below, the Motion to Reconsider is allowed.

Defendants' Third Motion in Limine sought to bar evidence of the relationship between Andrew Sallenger and anyone other than his children,

1

Andrew Ward and Aaron Ward, and to bar evidence of losses suffered by anyone other than these children. In its prior Order, this Court noted that, under Illinois law, a parent and/or a sibling can have a claim under the Wrongful Death Act. Opinion (d/e 158), p. 4. This is true as a general statement; however, under the facts of the instant case, Andrew Sallenger's mother and siblings cannot state a wrongful death claim, due to the fact that Andrew Sallenger was survived by his two sons.

The Wrongful Death Act expressly provides as follows: "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, *the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person*." 740 ILCS 180/2 (emphasis added). The Illinois Supreme Court has recognized that "next of kin" under the Wrongful Death Act are "those blood relatives of decedent in existence at decedent's death who would take decedent's property if decedent had died intestate." In re Estate of Finley, 601 N.E.2d 699, 701 (Ill. 1992). Thus, to determine wrongful death beneficiaries, the Court must apply the Illinois Probate Act. 755 ILCS 5/2-1. Under 755 ILCS 5/2-1(b), if there is no surviving spouse but a descendant of the decedent, the entire estate is

distributed to the decedent's descendants per stirpes. Thus, Andrew Sallenger's descendants, Andrew Ward and Aaron Ward, are his next of kin and the exclusive beneficiaries of any recovery under the Wrongful Death Act claim (Count 11).[1]

In the event that Plaintiff prevails on Count 11, to the extent Defendants' Third Motion in Limine asks the Court to bar evidence of pecuniary losses suffered by anyone other than Andrew Ward and Aaron Ward, it is allowed. As the Court has previously noted, these damages would include loss of society, instruction, moral training, and superintendence of education that Andrew Sallenger's children would have received from him. Opinion, dated September 5, 2007, p. 3. Because these types of damages are not subject to specific calculation, Plaintiff's failure to disclose them was harmless. Id. No other damages, however, were disclosed that would fall within a wrongful death claim. Testimony relating to losses suffered by others, including Andrew Sallenger's mother and siblings, is irrelevant.

Defendants' Third Motion in Limine also seeks to bar as irrelevant

---

[1] The Court notes that, due to a typographical error, page 4 of the September 5, 2007, Opinion erroneously labeled the Wrongful Death Count as Count 2 rather than Count 11.

discussion of the relationship between Andrew Sallenger and anyone other than his two sons. As Defendants concede, Mary Sallenger, Kim Nolan, and Nolan's children were fact witnesses to part of the occurrence which is the basis for the instant suit. Should these individuals testify, it is clear that testimony regarding their relation to Andrew Sallenger would be relevant as background. Thus, Defendants' request to bar discussion of the relationship between Andrew Sallenger and anyone other than his two sons is denied. Defendants, however, are granted leave to raise the issue again by objection at trial in the event that the testimony becomes cumulative.

THEREFORE, Defendants' Motion to Reconsider Opinion on Third Motion in Limine (d/e 159) is ALLOWED. To the extent Defendants' Third Motion in Limine asks the Court to bar evidence of pecuniary losses suffered by anyone other than Andrew Ward and Aaron Ward it is allowed; it is denied in all other respects.

IT IS THEREFORE SO ORDERED.

ENTER: September 19, 2007

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                          UNITED STATES DISTRICT JUDGE