IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  03-3093 |
| CITY OF SPRINGFIELD, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter was tried before a jury beginning on September 24, 2007. Over Plaintiff's objection, the Court had allowed Defendants' request to bifurcate the trial into liability and damages phases pursuant to Federal Rule of Civil Procedure 42(b). <u>Opinion (d/e 125), dated August 7, 2007</u>. On October 4, 2007, the jury returned verdicts in favor of Defendants Zimmerman and Oakes on the question of liability. The jury was unable to reach a verdict as to Defendant Oliver on the question of liability on Counts 1, 2, and 3, and the Court declared a mistrial on these counts as to

1

Defendant Oliver. The remaining counts are set for retrial. The parties raised the question of the availability of punitive damages in the event of a verdict for Plaintiff on the question of liability, and the Court directed the parties to submit briefs on the issue. <u>Minute Entry, dated October 5, 2007</u>. The matter is now fully briefed. After considering the parties' submissions and the applicable law, the Court determines that punitive damages are not available under the circumstances of the instant case.

It is clear that punitive damages are recoverable under 42 U.S.C. § 1983 under certain circumstances. As the Supreme Court has held, "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56, (1983). The issue in the instant case is whether Defendants had requisite notice of Plaintiff's intent to seek punitive damages.

Plaintiff's Second Amended Complaint (d/e 83) expressly seeks only compensatory damages. Plaintiff asserts that the Second Amended Complaint adequately apprised the Defendants that Plaintiff would seek punitive damages, based on the fact that Defendants' acts were alleged to

2

be intentional. Federal Rule of Civil Procedure 8(a) requires a plaintiff to include a demand for judgment for the relief sought in his or her complaint. Plaintiff's prayer for relief on the § 1983 claims expressly sought "compensatory damages," attorney's fees and costs, and "such other and further relief as the Court deems just and equitable." Second Amended Complaint, p. 16. Even when read in context with the allegations of the Second Amended Complaint, this language does not provide Defendants with notice that punitive damages were at issue. Additionally, any ambiguity was removed by Plaintiff's statement of itemized damages in the Final Pretrial Order, which expressly provides, in full, as follows: "Plaintiff seeks compensatory damages resulting from wrongful death and for the survival action." Pretrial Order (d/e 165), p. 3. It was not until, midway through the first trial, when Plaintiff submitted her first set of proposed jury instructions (d/e 176) on September 28, 2007, that it became apparent that Plaintiff wished the jury to consider the question of punitive damages. This is insufficient notice even under liberal notice standards.

In the alternative, Plaintiff seeks leave to amend her Complaint to add a claim for punitive damages to her ad damnum at this point in anticipation of the upcoming retrial. Plaintiff cites both Federal Rule of Civil Procedure

3

15(a) and 15(b) in support of her request. Under Federal Rule of Civil Procedure 15(a), given the procedural posture of the instant case, Plaintiff may amend her Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] Defendant Oliver opposes the proposed amendment. The Court recognizes that "[t]he court should freely give leave when justice so requires;" however, given the circumstances of the instant case, the Court believes that Plaintiff's proposed amendment would not further the interests of justice. Id. Discovery is long closed, and the matter has been tried one time. Thus, Plaintiff's request to amend her Complaint under Rule 15(a) is denied.

Plaintiff also seeks amendment under Federal Rule of Civil Procedure 15(b), which provides for amendments during and after trial. While evidence may have been presented at trial that Defendant Oliver's actions were intentional or in deliberate disregard to Andrew Sallenger, it is clear that the issue of punitive damages was not tried with Defendants' consent.

---

[1] In its Opinion on Defendants' Motion for Summary Judgment, the Court noted that the Second Amended Complaint was allowed to be filed only to correct the fact that a page was inadvertently omitted from the Amended Complaint (d/e 81) that was filed on August 24, 2004, and deemed the Answer (d/e 66) filed by Defendants on September 7, 2004, to the Amended Complaint to be Defendants' Answer to the Second Amended Complaint. Opinion (d/e 99), dated August 4, 2005, p. 22-23, n. 4. Thus, relief is not available under Federal Rule of Civil Procedure 15(a)(1).

See Fed. R. Civ. P. 15(b)(2). The question of damages was bifurcated from the liability phase, and Defendants timely objected to Plaintiff's attempts to seek punitive damages in proposed jury instructions.

Furthermore, the Court does not believe that Plaintiff is entitled to relief under Rule 15(b)(1). Rule 15(b)(1) provides as follows:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Given the procedural posture of the instant case, it is clear that an amendment allowing Plaintiff to expand her damage request to include a request for punitive damages would prejudice the defense. Discovery has closed and the matter has been tried one time. Indemnification is not available for punitive damages. 745 ILCS 10/2-302 ("It is hereby declared to be the public policy of this State, however, that no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages."). Had Plaintiff's Complaint included a request for punitive damages, Defendant Oliver would have had the opportunity to obtain independent counsel to represent his

5

interests throughout the litigation. Given these circumstances, the Court denies Plaintiff's request to amend her Complaint under Rule 15(b).

THEREFORE, for the reasons set forth above, in the event that the jury returns a verdict in favor of Plaintiff on the question of liability, Plaintiff is barred from seeking punitive damages.

IT IS THEREFORE SO ORDERED.

ENTER: January 28, 2008

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE