IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SPRINGFIELD, et al.,<br><br>　　　　Defendants. | No. 03-3093 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff's Motion to Take the Testimony of Dr. Ashkay Sood by Contemporaneous Transmission from a Different Location pursuant to F.R.C.P. Rule 43(a) (d/e 222). The matter is set for jury trial on July 28, 2008. Plaintiff asks the Court to allow the video transmission of Dr. Ashkay Sood's testimony pursuant to Federal Rule of Civil Procedure 43(a). Defendants object to the request. For the reasons set forth below, the Motion is allowed.

1

> Under Federal Rule of Civil Procedure 43(a):
>
> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). The Court recognizes that the Advisory Committee notes to the 1996 Amendments to Rule 43(a) caution that contemporaneous transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

Dr. Sood treated Andrew Sallenger immediately following the incident at issue in the instant case. Since the time of the incident, Dr. Sood has relocated to Albuquerque, N.M., where he is employed as an intensive care unit physician. During the first jury trial in this case, Dr. Sood's deposition testimony was read to the jury by agreement of the parties. As Andrew Sallenger's treating physician, the Court anticipates that Sood will testify regarding his treatment efforts and observations of Andrew Sallenger immediately following the relevant incident.

Dr. Sood is an independent witness who is not under the control of either party. The Court can see no tactical advantage to either side in

allowing Sood to testify by video conference. Defendants submit that they would be prejudiced by Sood's live video testimony because discovery has closed and Plaintiff would be using Sood's testimony as a mechanism to re-open discovery and ask questions that were not raised during Sood's deposition. The same risk of prejudice from new questions posed with trial would arise from Sood's in-court testimony, however; contemporaneous transmission of the testimony does nothing to increase any possible prejudice.

Video conferencing allows the jury to view the witness as he testifies, and thus, it satisfies many of the goals of in-person testimony, while avoiding the shortcomings that accompany the reading of deposition testimony at trial. As an ICU physician, Dr. Sood's employment presents a very unique need for his presence at work. This fact, together with the lack of prejudice to the defense, constitute compelling circumstances such that the Court finds it appropriate to allow Dr. Sood to testify by video conference.

THEREFORE, for good cause shown as set forth above, Plaintiff's Motion to Take the Testimony of Dr. Ashkay Sood by Contemporaneous Transmission from a Different Location pursuant to F.R.C.P. Rule 43(a)

(d/e 222) is ALLOWED.  Dr. Sood may testify at the trial in this matter by video conference.  Plaintiff is directed to provide the Court with video conferencing contact information from the Albuquerque courthouse on or before July 18, 2008.  Plaintiff is further directed to inform the Court, on or before July 18, 2008, of the date and time Plaintiff intends to call Dr. Sood to testify to allow the Court to ensure that technical personnel will be available to facilitate the video conference.

IT IS THEREFORE SO ORDERED.

ENTER:   July 8, 2008

       FOR THE COURT:

                                  s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE