E-FILED
Tuesday, 23 September, 2008  09:24:53 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY SALLENGER, as the Administrator of the Estate of ANDREW B. SALLENGER, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No.  03-3093 |
| CITY OF SPRINGFIELD, et al., | ) ) ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This case is before the Court for consideration of Plaintiff's Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. Rule 50(b) (d/e 261). Plaintiff has renewed this Motion after the entry of Judgment on the verdict in favor of Defendant Oliver.  Plaintiff argues that judgment must be entered in her favor as a matter of law because the evidence indicated that Defendant Oliver struck Andrew Sallenger in his upper body with a mag light and/or closed fists after Sallenger had been handcuffed.  Plaintiff contends that all police practice experts had testified that such action in

1

striking Sallenger was not reasonable and amounted to excessive force. For the reasons set forth below, the Motion is denied.

At this stage, the Court must determine whether there was legally sufficient evidence to support the jury's verdict. The Court will set aside the jury's verdict only if no reasonable juror could have found for Oliver. Erickson v. Wisconsin Dept. of Corrections, 469 F.3d 600 (7th Cir. 2006).

In this case, there was sufficient evidence to support the jury's verdict. Officers Zimmerman, Oakes, and Oliver testified that Sallenger engaged them in an extensive struggle. Even after the Officers succeeded in handcuffing him, Sallenger continued to kick, thrash around, grab for Oliver's belt, and attempt to get to his feet. Police practice expert Frank Saunders testified that it would not be appropriate to use force against someone who was under control and handcuffed (emphasis added). However, the evidence indicated that Sallenger was not under control, even though handcuffed, when Oliver struck him as indicated. Saunders himself testified that, from his review of the reports and depositions, there was no indication that Officer Oliver struck Sallenger at any time when he was not resisting the Officers. This evidence, coupled with the testimony of Officers Oliver, Oakes, and Zimmerman, would support the jury's verdict. The

testimony of police practice expert Michael Lyman might well have been discounted by the jury because he had never actually worked on patrol as an officer.

The Court, therefore, finds there is sufficient evidence to support the jury's verdict.  The Plaintiff's Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. Rule 50(b) (d/e 261) is accordingly DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   September 23, 2008

      FOR THE COURT:

                        s/  Jeanne E. Scott
                        JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE